# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JON PAUL CARTER,

    Plaintiff,

v.

VETERANS HEALTH ADMINISTRATION HOSPITAL; ADMINISTRATOR NANCY REISSENER; and RICK JACOB,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-100

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Doc. 1.) For the reasons set forth below, I **RECOMMEND** that the Court **TRANSFER** Plaintiff's claims against all Defendants to the Northern District of Florida.

## BACKGROUND[1]

Plaintiff originally filed this action seeking leave to proceed *in forma pauperis*. (Doc. 3.) Plaintiff's allegations are difficult to decipher. However, he appears to assert that Defendants violated his rights by refusing to perform back surgery or treat back pain resulting from injuries he sustained while combat training. (Doc. 1, p 2.) He also alleges that Defendants refuse to treat his Post Traumatic Stress Disorder and anxiety. (Id.) Plaintiff seeks punitive damages.[2] (Id.)

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

[2] Plaintiff also seeks a "reward" of $1.5 million in his Complaint. However, he appears to assert that he is entitled to this award for alerting the Court of an impending terrorist attack, as opposed to asserting a claim for compensatory damages. (Doc. 1-1, p. 2.)

## STANDARD OF REVIEW

Where venue is improper, a court may either dismiss the action or transfer the action to an appropriate venue. See 28 U.S.C. § 1406(a); Leach v. Peacock, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011). "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'" Leach, 2011 WL 1130596, at *4. Trial courts generally have broad discretion in determining whether to transfer or dismiss a case. Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

## DISCUSSION

Plaintiff seeks relief pursuant to Section 1983 and from the Veterans Health Administration Hospital in Gainesville, Florida, and individuals employed at that facility. (Doc. 1.) This Court is not the proper venue to hear Plaintiff's claims against these Defendants. 28 U.S.C. § 1391(b) sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Veterans Health Administration Hospital and its employees are located in Gainesville, Florida. (Doc. 1, p. 1.) Furthermore, Plaintiff's claims against these Defendants stem from events allegedly taking place only in this location. (Id. at p. 2.) Gainesville, Florida is located in the Gainesville division of the Northern District of Florida. See 28 U.S.C. § 89(a) (defining the federal judicial districts in Florida). Thus, it appears that venue lies in that judicial district pursuant to 28 U.S.C. § 1391(b).

Because Plaintiff could have filed his claims against these Defendants in the Northern District of Florida, and because a substantial part of the underlying events occurred in the Northern District of Florida, I **RECOMMEND** that these claims be **TRANSFERRED** to the United States District Court for the Northern District of Florida for disposition. See id. § 1406(a) (stating that where venue is improper, a court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **TRANSFER** all of Plaintiff's claims against all Defendants to the United States District Court for the Northern District of Florida.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA